Anderson, J.,
delivered the opinion of the court.
This is a bill in chancery to injoin a judgment at law. In general, any facts which prove it to be against *69 conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment. (2 Stor. Eq. Jur., § 887, and cases cited.) The author here declares the rule affirmatively, that the injured party may be relieved in equity in the cases described.
In Tapp's adm’or v. Rankin, 9 Leigh 478, the rule is negatively declared, setting forth under what circumstances the party injured will not he entitled to relief in equity by Parker, J., who delivered the opinion in which a majority of the court concurred. The rule, he says, is well settled, “ that after a trial at law, if there appear to he no fraud or surprise on the part of the plaintiff, equity cannot relieve the defendant from the consequences of mere negligence, notwithstanding it may be manifest that great injustice has been done him at law. If it appears that by proper diligence he could have defended himself successfully, however hard his case, equity must not interfere; and this upon sound principles of general policy, which no court is at liberty to disregard.
In the recent case of Holland & wife v. Trotter, 22 Gratt. 136, relief was given upon the ground of surprise, hut upon principles, which are stated by Judge Christian who delivered the opinion of the court, entirely consistent with Tapp's adm'or v. Rankin, supra.
In this case the court is of opinion that the facts upon which the plaintiff relies to show that it would be against conscience to execute the judgment at law, might have been relied on in his defense at law; and *70 that he does not show that he was prevented by fraud or accident, unmixed with fault or negligence in himself or his agent, from availing himself of them in his defense ]aw, ft is true, that after the writ was served on him he retained counsel to defend the suit, and informed of grounds of his defense, to wit: that he was sued as a partner of Black & Co., and was not, and never was, a partner or member of said firm, or-in any way liable for said debt. But he gave no further attention to the suit. It does not appear that he ever spoke to his counsel again on the subject, or made any preparation for his defense, though he was probably at the place where the court was held during-the term. His counsel entered no plea to set aside the office judgment, and made no defense whatever, and judgment went against him by default.
His counsel says he examined the docket, and saw' no case upon it of Richmond, assignee v. Wallace. He saw the case of Richmond, assignee against Black $ Co., but it never occurred to him that the appellant was sued in that case, and he did not look into the papers to see. T et he had been informed by the appellant that he was sued as a member of that firm, and that his-ground of defense was, that he was not, and never had been, a member ©f it: and he thinks he showed him a copy of the summons which had been served on him. His counsel says he did not remember to have been shown a copy of the summons, and was not aware that the appellee was interested in that suit, else he would have looked into the papers and entered a plea. But a plea denying the partnership could not have availed for his defense unless verified by affidavit; and the defendant was not there to make affidavit.
But being informed as to the character of the appellant’s defense, and knowing from the date of the sum *71 mons and its service, that in the regular course of pi’Ocedure the case would be on the office judgment docket at that term of the com’t, it does appear extraordinary that he made no inquiry about the case. If he had inquired of the clerk, he, doubtless, would have been informed. It seems to the court a plain case of negligence on the part of the appellant’s attorney, not unmixed with fault or negligeuee on his part. And without deciding that mere inadvertence or forgetfulness on the part of the attorney would deprive a party of his right to relief in equity, where the defendant himself had used proper diligence, and was chargeable with no laches, the court is of opinion that a court of equity could not interfere by injunction in this case to restrain the execution of the judgment, and to give the appellant another trial, who has already had his day in court, without overturning the well established rule in such cases. The decree of the court below must therefore be affirmed.
Decree aeeirmed.