# Richmond.

## WRAY V. DAVENPORT.

### April 3, 1884.

1. FRAUDULENT CONVEYANCES—*Inconsistent Reservations.*—It is well settled that conveyances, professedly to indemnify creditors, but expressly or impliedly reserving to grantors powers inconsistent and adequate to defeat such purpose, is void as to creditors and purchasers. *McCormick, trustee,* v. *Atkinson, trustee, & als.* 78 Va. 8.

2. HOMESTEAD—*Mode of Claiming.*—Constitution, Article XI, secures homestead, yet legislature may prescribe mode of setting it apart, only it cannot defeat or impair the benefit thereof. Chapter 183, Code 1873, is within legislative authority, and to avail himself thereof householder must actually claim the exemption and set it apart as prescribed.

3. APPELLATE COURT—*Injunction—Bond—Estoppel.*—One is estopped to deny in appellate court that an injunction was providently awarded, or that the bond was proper in form and substance where he has sued out and maintained the injunction for a long time, given the bond, and kept and used the property.

4. IDEM—*Idem—Res judicata.*—It is too late for a grantor in a fraudulent deed to urge in appellate court that a judgment is excessive in suit to annul that deed and subject the property to that judgment.

Appeal from decree of chancery court of Richmond city, pronounced December 15th, 1881, in the cause of Andrew J. Wray and George A. Wray *v.* Isaac Davenport, Jr., J. A. Morris, and G. B. Davenport, partners in the name of Davenport & Morris. Opinion states the case.

*C. W. Turner* for the appellant.

*McGuire & Ellett* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court :

It appears from the record in the cause, that on the 3d day of May, 1877, George A. Wray executed a deed of trust by which he conveyed to George S. Vashon, Jr., certain personal property, consisting of a stock of goods or merchandise in the possession of said George A. Wray, at house No. 519 Brook avenue, Richmond, Va., consisting of family groceries, wooden ware, feed, confectioneries, tobacco, oils, &c., &c., in trust to secure the payment to Andrew J. Wray, of Richmond, Va., the sum of $500, evidenced by a negotiable note of even date with the said deed of trust, drawn by George A. Wray and payable to Andrew J. Wray or order, at the State Bank of Virginia, twelve months after date. This deed was duly admitted to record in the chancery court of the city of Richmond on the day of its date aforesaid. It contained the following provision: " The said George A. Wray covenants that if any of the said stock of goods, &c., shall be sold prior to the maturity of or payment of the note hereinafter mentioned, to reinvest the proceeds of the same in other goods of like description, which goods shall be purchased in the name of the party of the second part, as trustee, and thereby held upon the same trust, as the stock of goods, &c., hereby conveyed."

The said stock of goods, by said deed conveyed, was left in the possession and control of the grantor, George A. Wray, who carried on a brisk trade therein and therewith, until the 15th day of June, 1878, a period of more than a year, when they were levied on by the sheriff of the city of Richmond, in the store No. 316 Broad street, under an execution in favor of Davenport & Morris, sued out upon a judgment of the circuit court of Richmond city, upon an open account for goods sold to the said George A. Wray, for $376.69, with interest from the 17th day of May, 1877, and the costs.

On the 18th June, 1878, Andrew J. Wray and George A. Wray filed their bill in this cause, praying for an injunction to

restrain the said Davenport & Morris and the sheriff of the city of Richmond, their agents, deputies and attorneys from selling, or otherwise interfering with the said stock of goods levied upon by the said sheriff as aforesaid, under the said execution in favor of Davenport & Morris. The said Davenport & Morris and J. W. Wright, sheriff of the city of Richmond, and George S. Vashon, Jr., were made parties defendant to the bill, and were required to answer the same under oath.

The injunction was awarded according to the prayer of the bill by the judge of the chancery court of the city of Richmond, June 18, 1878, until the further order of the court in relation thereto, upon the requirement that the plaintiffs, or some one of them, or some one for them, should give bond before the circuit court of Richmond city in the penalty of $600, conditioned to pay the judgment on which the said execution was issued, and all such costs as may be awarded against the plaintiffs, and such damages as shall be incurred in case the injunction should be dissolved. The bond was given; the injunction order was duly issued by the clerk, and was returned executed June 19th, 1878, upon all the defendants.

The bill also prayed that the said stock of goods may be sold under a decree of the said court, and that after paying to the said A. J. Wray that portion of the proceeds to which he may be entitled as the holder of the negotiable note aforesaid, the rest of the proceeds to be assigned to the complainant, George A. Wray, as and for his homestead exemption under the laws of the state of Virginia.

None of the defendants answered the bill except Davenport & Morris, who, on the 8th of September, 1880, filed their answer, in which they deny the validity of the deed of trust, and charge, among other things, that the complainant, George A. Wray, conveyed by his deed a stock, &c., in his store, at No. 519 on Brook avenue, on May 3d, 1877; on the 15th of June, 1878, levy was made, as above stated, on a stock of goods of said Wray, at No. 316 Broad street; that the said George A. Wray

carried on a brisk trade for the whole period between these two dates, a year or more, first on Brook avenue and then on Broad street; that out of the proceeds of these goods he first supported himself and his family, consisting of a wife and numerous children, and then with the surplus replenished, meagerly, his stock, so that at the time the levy was made the stock was greatly reduced in value and quantity from what it had been at the time the said deed of trust was made; that no reinvestment was ever made in the name of the said trustee nor held upon any trust, and that though so covenanted in said deed, it was never intended by the parties that the covenant should be carried out, but was simply devised for the purpose of further and more effectually carrying out the fraud on the creditors of the said George A. Wray, which this deed was intended to accomplish; that no accounts were ever kept by said George A. Wray and rendered to said trustee, and that the said trustee exercised no supervision or control over the said property, but it was absolutely George A. Wray's, and as entirely under his control, management and disposition as the stock of goods of any such merchant ever was, and that but for the levy of their said execution, or the effort of some other creditor to make their debt, the said deed would never have been set up; that the business or trade which was conducted by said George A. Wray was carried on in his own name, under signs over the doors of the stores occupied by him in large and conspicuous letters, and with no other and no addition. He, and not the trustee, was held out to the world as the real owner of the goods, and this with the knowledge and consent of the trustee, George S. Vashon, Jr., and the *cestui que trust*, Andrew J. Wray; and that the property in the said store was therefore liable to their execution and levy under the Code 1873, chapter 142, section 13.

The answer denied the claim to the homestead exemption set up in the bill, and prayed for a dissolution of the injunction which had been awarded. The cause came on to be heard upon the bill and answer and exhibits, the general replication of the

plaintiffs to the said answer, and the motion of the defendants to dissolve the injunction granted in the cause June 17th, 1878.

The court entered the following order or note: "In this case I think the deed of trust reserves to the grantor a power over the property conveyed, inconsistent with the avowed purposes of the trust and adequate to the defeat thereof; and, because of such reservation, is void as to the defendants, Davenport & Morris. (See *Perry & Co.* v. *Shenandoah N. Bank, &c.,* 27 Gratt. 755–757), and authorities there cited. But, although the deed of trust is void as to creditors, the grantor, Wray, may claim the benefit of the homestead law against creditors. (See *Shipe, Cloud & Co.* v. *Repass,* 28 Gratt. 716–729, *et seq. ; Boydton* v. *McNeal,* 31 Gratt. 456–458, &c.) The bill set up a claim to homestead by George A. Wray, and in the answer the claim is neither specifically admitted nor denied, and it is, therefore, incumbent on the plaintiffs, or at least on George A. Wray, to prove it. But there is no proof on the subject—no deed of homestead—no proof to show that George A. Wray is a householder, &c., or when it was taken out, or to what property it applies. In the present condition of the case, and in the absence of all proof as to the homestead, the court ought to dissolve the injunction; but, as the omission of the proof may have been through inadvertence, I think it right to give the plaintiff, George A. Wray, the opportunity (to introduce his proof), and the defendants the opportunity to show that their debt was for the purchase money price of the property, or any other defence they can set up. And for this purpose the injunction is continued." And then this additional order was entered by the court:

"December, 1881. Section 4, chapter 183, Code 1873, shows how the benefit of the homestead is to be secured, namely: by deed recorded in the county where the homestead is situated ; or, where there is a levy, then by section 16, chapter 183, Code 1873. In a former note the court called attention to the fact that there was no proof of the homestead—there

is none now.    It is not sufficient to set up a claim to homestead
in a bill, or for counsel to ask it *in a note of argument.*    It
must be by deed, as prescribed in section 4, above mentioned,
or by inventory under oath, as prescribed by section 16.    Some-
time ago the court continued the injunction to enable Wray
to prove his title to homestead; as this has not been done in
any of the modes prescribed by statute, although ample time
has been given, the injunction must be dissolved."

On the 13th day of June, 1882, the cause was finally heard
upon the papers formerly read, including the agreed "statement
of facts," heretofore filed, on consideration whereof, the court
háving heretofore decided, for reasons set forth in writing and
made a part of the record; that the said deed of trust from
George A. Wray to George S. Vashon, Jr., trustee, was fraudu-
lent and void as to the defendants, Davenport & Morris, doth
adjudge, order, and decree that this cause be, and the same is
hereby, dismissed, with costs to be paid by the plaintiffs to the
defendants.

We think that the court below did not err in deciding the
deed of trust void as to creditors in the light of the authorities—
*Perry & Co.* v. *Shenandoah National Bank;* 27 Gratt. 755–757 ;
*Lang* v. *Lee,* 3 Rand. 410 ; *Shepherd* v. *Turpin,* 3 Gratt. 357–
373 ; *Addington v. Etheridge,* 12 Gratt. 400 ; *Marks* v. *Hill,* 15
Gratt. 430 ; and a late case decided by this court of *McCormick,*
*trustee,* v. *Atkinson, trustee,* 78 Va. 8.

Nor do we think the court erred in its final decree of June
13th, 1882, dismissing the bill.

No valid claim to homestead was ever made by the appellants,
or by either of them.    Full time and opportunity was given them
to make the claim.    Their injunction was obtained June 17th,
1878, and it was continued in force until December 15th, 1881,
a period of three years and six months, less two days.    The
judge of the chancery court of the city of Richmond twice called
the appellant's attention to the fatal defect of proof and proper
proceeding in the cause to assert his homestead, and by a for-

mal order continued the cause for the purpose expressed in the order, of giving to the plaintiff, George A. Wray, the opportunity to introduce his proof and properly to assert his homestead. This was never done; it may have been because, from the very nature of the case, it was difficult to claim a homestead in a shifting stock in active trade ; or from the knowledge that the claim could not be successfully set up against the purchase price of the goods; but however this may have been, it is absolutely certain, from the record, that all the time—three years or more—the claim was never set up or asserted according to the plain and express provisions of the statute, for the case made and provided.

The homestead is given by the constitution of Virginia; but the constitution provides that the legislature shall prescribe in what manner and on what conditions the said householder or head of a family shall thereafter set apart and hold for himself and family a homes ead out of any property hereby exempted, and may, in its discretion, determine in what manner and on what conditions he may thereafter hold for the benefit of himself and family such personal property as he may have, and coming within the exemption hereby made. But this section shall not be construed as authorizing the general assembly to defeat and impair the benefits intended to be conferred by the provisions of this article (Virginia constitution, article XI, section 5). The legislative provisions, enacted in chapter 183, Code 1873, are reasonable, and do not defeat or impair the benefits intended to be conferred by the constitutional provisions as to homestead; and they are therefore within the legislative authority to enact.

The appellant, Wray, never did claim his homestead according to law, though the court gave him the injunction which he asked for, and continued it for three years and three months, for the express purpose of allowing him to make his claim in the mode prescribed by statute, and so to give the appellees an opportunity to rebut it. They cannot now in an appellate

court claim to do what—if they had a right to do at all—they should have done at first and in the lower court, but then and there neglected and refused to do.

It is too late now, and in this court, for the appellants to claim that the injunction sued out by them, and maintained and insisted by them for three years and a half, was improvidently granted, and was in fact no injunction. They prayed for and obtained it; they raised no objection to it or to its requirements; they gave the bond; they reaped the benefit of all the proceedings; they took the property levied on, and may have used it up, so that no vestige of it remains. They are estopped to deny that the bond was proper in form or substance; they took the injunction, and they cannot now disclaim their bond. *Harman* v. *Howe*, 27 Gratt. 677. The statute gives the court a discretion as to the *condition* of the bond; it says the injunction "shall not take effect until bond be given in such penalty as the court or judge awarding it may direct, with condition to pay the judgment or decree, or to pay the value of the property levied on by the officer, where there has been a levy, or to have the property levied on forthcoming, to abide the future order or decree of the court, as to the court shall seem just and proper in the case, and all costs, &c."

The appellants insist that the judgment of Davenport & Morris, obtained in the circuit court of Richmond city, is excessive by $100.

The amount was found due by a jury in a court of competent jurisdiction, where the appellant, George A. Wray, had his day. There his defence should have been made. There is no charge that it was not made there by reason of fraud, accident, surprise or circumstance beyond the control of George A. Wray; he could not make such defence in the lower court (*Holland and Wife* v. *Trotter*, 22 Gratt. 136–141; *Wallace* v. *Richmond, Assignee*, 26 Gratt. 67–69); and he certainly cannot for the first time in an appellate court.

The property levied on was never sold, either by the trustee

or by the court; it was held and used by the appellants during the long pendency of the injunction, and there is most probably none of it in existence subject to the action of the court.

It would be unjust now to reverse the proceedings of the lower court, and visit the appellees with the costs of this appeal merely to permit the appellants to assert a claim to homestead in property which has no existence, and which the appellants may have dissipated in the use.

We find no error in the decree of the chancery court of the city of Richmond complained of, and the same must be affirmed, with costs.

DECREE AFFIRMED.