# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## CANADA V. BARKSDALE.

### APRIL 17th, 1888.

Absent, Richardson, J.

1. EQUITABLE JURISDICTION AND RELIEF—*Judgment at law.*—To entitle one to relief in equity against judgment at law, it is not sufficient that injustice has been done him, but he must have been guilty of no laches, and has done everything required of him to render effectual his defence at law. *Dey* v. *Martin*, 78 Va., 1.

2. IDEM—*Award—Injunction—Res judicata.*—Where matters in litigation were submitted to arbitration, and award was in favor of plaintiff, judgment was entered thereon and *fi. fa.* thereon issued and returned "no property." In a suit to subject debtor's land, this judgment was listed and reported as a lien. Debtor filed his bill to enjoin sale, the matters therein set up being the same embraced in the submission to arbitration:

HELD:

    Those matters are *res judicata.*

Appeal from decree of circuit court of Halifax county, rendered January 28th, 1887, in the cause wherein Beverly Canada, the appellant here, was complainant, and Wood Bouldin, Jr., and R. H. Easley, executors of James S. Easley, deceased, and H. A. Edmundson, sheriff of said county, and as such receiver in the cause of Pettus' Administrator against Morgan and others, the appellees here, were defendants. Opinion states the case.

*J. D. Blackwell,* for the appellant.

*Christian & Christian*, for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The appellant, Beverly Canada, filed his bill of injunction in the circuit court of Halifax county, asking that H. A. Edmondson, sheriff and receiver, be restrained from executing the decree pronounced in the suit of Pettus' administrator against Morgan and others, at the April term, 1886, of the said circuit court, ordering him to sell certain lands of said Beverly Canada, therein described, for the satisfaction of debts due by him, the said Canada, to Wood Bouldin, Jr., and R. H. Easley, executors of J. S. Easley, deceased, and to W. R. Barksdale, assignee of E. Barksdale, Jr.

The appellant states in his petition for this appeal, that since the rendition of the decree complained of, he has compromised and paid the Easley debt; and that he now prosecutes this appeal only as to the debt decreed to be paid to W. R. Barksdale, assignee of E. Barksdale, Jr.

Sometime prior to the year 1874, appellant, B. Canada, and appellee, E. Barksdale, Jr., bought jointly from W. W. Wood, assignee in bankruptcy of John Clark, a part of the real estate of the said bankrupt, John Clark. A part of the purchase money was paid, or arranged, by the said E. Barksdale, Jr., but the greater part of it was paid by Canada, who was put in possession of the land; and it was agreed that the deed should be made and delivered to Canada, alone, upon his securing to Barksdale the re-payment of the money paid by him on account of the land purchase.

The deed was prepared, and on the 8th day of June, 1874, Wood and E. Barksdale, Jr., went together to Canada's house, where, after going into a settlement and adjustment of accounts to carry out the agreement, a written assignment was executed and delivered by Canada to Barksdale, by which he transferred to Barksdale certain judgments and claims owned by Canada

for the purpose of securing to Barksdale the re-payment of the amounts of money set forth in the said assignment as having been paid by Barksdale on the land purchase.

This assignment was subsequently, for value, assigned by E. Barksdale, Jr., to W. R. Barksdale. In 1877, having realized nothing from the said claims assigned by Canada, E. Barksdale, Jr., suing for W. R. Barksdale, instituted an action at law upon the said assignment, and filed his petition in the chancery causes in which the said judgments were reported. At the October term, 1877, Canada filed his answer to these petitions alleging that he did not execute the assignment sued on, and that it was procured by fraud, and he also filed a plea of conditions performed to the suit at law, with leave to file a further plea.

None of the said causes were tried at that time, but by consent·of all parties, in open court, all matters in difference in said suits were submitted to the final determination of three arbitrators, whose award was to be made the judgment of the court. The arbitrators made their award, to which Canada excepted, but his exceptions were overruled, and the award was made the judgment of the court. No judgment was entered on the award in the suit at law until November, 1883, as it was not until then determined what amounts would be realized from the judgments and claims assigned by Canada to Barksdale. An execution was issued on the said judgment, and proving unavailing, the judgment was proved and reported in a chancery cause then pending to subject the real estate of Canada to the payment of the judgments against him. The account of liens in which the judgment was included, was duly confirmed, and decree after decree was made for the renting of his lands, and finally, at the April term, 1886, it appearing that the rents and profits of his real estate would not satisfy the judgments thereon in five years, an order was entered directing a sale of the said real estate. To this decree Canada obtained on the 11th day of May, 1886, an injunction from the

judge of Halifax circuit court, and on the 28th day of January, 1887, the cause coming on to be heard on the bill, the demurrer and answers of W. R. Barksdale and E. Barksdale, Jr., the exhibits and depositions and the arguments of counsel, the injunction was dissolved. From this decree dissolving the said injunction, this appeal is taken—to operate, however, only as to the debt claimed by W. R. Barksdale. We think the decree complained of is right and should be affirmed. The decree does not say on what ground the injunction was dissolved, but upon the bill and exhibits, demurrers, answers, and evidence, it appears that the appellant has had a fair, full, and impartial trial before arbitrators of his own selection, who after a patient and thorough investigation, have rendered their award, in which they declare that the assignment declared upon was for " a valuable consideration; that there was no fraud in the procurement of the same," nor any such mistake therein as would entitle the appellant to relief in equity, (except as to one item of which the award relieves him). And the record shows that all the defences set up in his injunction bill have been made before the arbitrators, and were decided against him.

His ground of complaint is that the case was tried and decided by the arbitrators in the absence of the witness, W. W. Wood. But he announced himself ready for trial, and does not pretend that Wood was ever summoned as a witness, or that any effort had been made to procure his attendance or to take his deposition; or that any motion for a continuance was made on account of his absence.

The evidence shows that, in September, 1877, when the case was proceeded in before the arbitrators, and in 1878 when this suit was called and the arbitrators made their award, Wood was in Washington city, in easy reach of appellant; that he returned to the county of Mecklenburg in 1879, where he has been ever since, and where he was in 1883, when the judgment complained of was obtained. Wood's testimony, in fact, throws no light on the transaction which entitles appellant to

relief; but his failure to have Wood present, or to obtain his deposition, before the arbitrators, is due wholly to his own laches and want of diligence. *Slack* v. *Wood*, 9 Gratt., 40. In the case of *Dey, Receiver*, v. *Martin*, 78 Va., 1, Lewis, P., says: "It is well settled, that to entitle a party to relief in equity against a judgment at law, it is not sufficient to show that injustice has been done; the party applying must show that he has been guilty of no laches, and that he has done everything that could reasonably be required of him to render his defence effectual at law. Otherwise, relief will be denied; for it is more important that there should be an end of litigation than that justice be done in every case." See *Wallace* v. *Richmond, assignee*, 26 Gratt., 67; *Yuille's Administrator* v. *Wimbish,* 77 Va.

Appellant has had his day in court; and there is no error in the decree appealed from, which must be affirmed.

DECREE AFFIRMED.