Syllabus.

# Wytheville.

## A. J. MILLIGAN AND OTHERS v. GRACE E. MILLIGAN.

### June 17, 1926.

1. LACHES—*Mere Lapse of Time.*—Laches is not necessarily implied from mere lapse of time. To constitute laches there must be a delay that works a disadvantage to another.

2. WILLS—*Probate—Appeals—Laches—Fraud on Part of Proponent of Will—Case at Bar.*—Section 2639a of the Code of 1904 provides that any person interested in the probate of a will may appeal within one year after the entering of the order of probate. In the instant case, complainants filed their bill alleging that their mother had made a will giving their father a life estate in her property with remainder to them. This will their father displayed to them and agreed to have it duly admitted to probate and complainants supposed until recently that it had been so admitted; but their father fraudulently procured a former will of their mother leaving him all the real property in fee simple, and had it admitted to probate. This former will was admitted to probate in 1918, and complainants alleged that they discovered the fact after the father's death in 1924. The father remarried and conveyed the real estate in question to his second wife by a deed properly recorded.

    *Held:* That complainant's contention that they were lulled to sleep by the promise of their father to have the later will probated, did not excuse their laches in failing to appeal from the probate of the former will. The recordation of the deed and the probation of the will was, under ordinary conditions, notice to the world of their contents.

3. LACHES—*Self-Imposed Ignorance.*—Persons cannot close their minds to every avenue of information and knowledge, benumb their acquisitive instinct with indifference, and subsequently expect the courts to relieve them from their self-imposed ignorance.

4. JUDICIAL NOTICE—*Probate of Will—Character, Value and Disposition of Decedent's Estate.*—While courts do not take judicial knowledge of such private acts as the probate of a will, it is a matter of general knowledge that when a person dies possessed of an estate, his neighbors, friends and relations immediately canvass its character, value and disposition.

5. EQUITY—*Relief Against Judgment at Law—Diligence—Laches.*—To en-

title a party to relief in equity against a judgment at law, it is not sufficient to show merely that injustice has been done; the party applying must show that he has been guilty of no laches, and that he has done everything that could reasonably be required of him to render his defense effectual at law. Otherwise relief will be denied; for it is more important that there should be an end of litigation than that justice be done in every case.

Appeal from a decree of the Circuit Court of Northampton county. Decree for defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Topping & Topping* and *Jas. G. Martin & Bro.,* for the appellants.

*John E. Nottingham* and *H. C. Sherritt,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

Appellants filed their bill of complaint in the Circuit Court of Northampton county, said bill containing the following allegations:

1. Plaintiffs are the four children of Isaac Henry Milligan, their father, and Melynda Milligan, their mother, and the only heirs of their father and mother.

2. Their said mother, Melynda A. Milligan, died October 12, 1918, leaving a will, duly made and dated in the year 1916, by which she left all of her property to their said father for his life only, with remainder to said four plaintiffs. This will was in the possession of their father and by him read and shown a few days after their mother's death. After their mother's death their father, after displaying said will, agreed to have it duly admitted to probate, and until very

recently plaintiffs supposed it had been admitted to probate.

3. But their said father, after promising to have said will admitted to probate, and thereby lulling plaintiffs into a sense of security and trust, fraudulently and deceitfully procured an old former will which their mother had made, and had that old former will admitted to probate, well knowing it was not the last will and that it had been revoked by the later will above mentioned; and which former will left all the real property of their mother in fee simple to their father; and her personalty to be distributed according to law; a copy of which former will is hereto attached marked Exhibit "A," as part of this bill, and which will was dated March 1, 1906, and admitted to probate October 28, 1918.

Having committed this fraud, their father concealed it until plaintiffs discovered it after his death, which occurred on November 30, 1924.

4. The real property of which said Melynda A. Milligan died seized and possessed included that described as follows:

"All those certain lots, pieces or parcels of land and appurtenances thereto, situate and abutting on the north side of Monroe avenue in the town of Cape Charles, county of Northampton, and State of Virginia, and numbered with the numbers 254, 258 and the eastern two-thirds of lot 259, according to a map or plat of said town of Cape Charles now of record in the clerk's office of said Northampton county with a deed of bargain and sale from William L. Scott and wife to William Bauman, unto which said map or plat reference is hereby expressly made."

The personalty of which she died possessed included all the household and kitchen furniture, linen, china and silver in the house on said realty.

5. After the death of said Melynda A. Milligan, said Isaac Henry Milligan married the defendant, Grace E. Milligan; and thereafter he fraudulently transferred to her without consideration said real property by a deed in usual form, which deed is recorded in the clerk's office of this court in Deed Book 81, at page 558, and which deed is dated the _____ day of _____, 1924, and the property stands of record still in the name of said defendant; and defendant is in possession of said realty and personalty.

6. Said Isaac Henry Milligan died on the 30th day of November, 1924, and left a will by which he devised and bequeathed all of his property to said defendant, a copy of which will is hereto attached, marked Exhibit "B," as part of this  ll.

7. Plaintiffs discovered said frauds only after the death of their father, and knew nothing of said deed until after his death, until his death they supposing he was holding the real estate as life tenant only.

Plaintiffs pray that said Grace E. Milligan may be made a party defendant to this bill, and required to answer the same, but answer under oath is expressly waived; that defendant may be enjoining from disposing of said property; that said deed may be cancelled and annulled; that said will of 1916 may be established and admitted to probate; said property adjudged to belong to plaintiffs, and that such other and further relief may be granted as may be adapted to the nature of the case.

The only defendant to the bill was the appellee, who, upon appearance in obedience to the process issued against her, demurred to the bill, assigning as one of the grounds of demurrer, that the complainants have been guilty of laches.

Appellants contend that any idea that laches could bar them, or that the fraud of the father was not concealed, is fully answered by the averment of the bill, admitted as true by the demurrer, that the father, Isaac Henry Milligan, positively and intentionally misled them by the direct statement that he would have probated the true last will of their mother, executed in 1916; that no duty was imposed upon them to follow their father to the clerk's office and actually see that the will of 1916 was probated; that they were warranted in relying on a statement that the will of 1916 would be probated.

[1] Laches is not necessarily implied from mere lapse of time. To constitute laches there must be a delay that works a disadvantage to another.

[2] To excuse the appellants from seeking the relief afforded them by section 2639-a of the Code of 1904, which provides that any person interested in the probate of a will may, within one year after the entering of the order of probate, appeal therefrom, as a matter of right, to the court whose clerk has made the order, it is necessary to hold that the action of the father constitutes such fraud as will relieve appellants from the conclusive force of the doctrine of laches.

There is no dispute that Mrs. Melynda Milligan died on October 12, 1918, and on October 28, 1918, the will of 1906 was probated. While the date is not alleged in the bill, it appears in the brief (and not denied) that Isaac H. Milligan, some time prior to the year 1921, married the appellee and conveyed to her the real estate devised to him by the will of Melynda Milligan executed in 1906. The recordation of the deed and the probation of the will was, under ordinary conditions, notice to the world of their contents.

To sustain the contention of the appellants that

they were lulled to sleep by the promise of the father to have probated the will of 1916, in the face of the acts of the father recorded upon the public records, would be to abrogate the doctrine of notice and nullify the registry statutes absolutely.  It is hard to conceive how in law there could be a concealment of that which is made public by virtue of a statutory enactment.

While due weight will be given to the relationship of the parties, this relationship will not be received as an excuse sufficient to exempt adult defendants from the performance of the ordinary duties imposed upon them by prudence and diligence.

The appellants state that they knew the will of 1916 was in existence; they therefore knew they had an interest in the estate of their mother.  The law imposed upon them—not the father—the duty of protecting such interest.

[3] As said by Christian, J., in *Broaddus* v. *Broaddus*, 144 Va. 727, 130 S. E. 794: "Persons cannot close their minds to every avenue of information and knowledge, benumb their acquisitive instinct with indifference, and subsequently expect the courts to relieve them from their self-imposed ignorance."

[4] While courts do not take judicial knowledge of such private acts as the probate of a will, we think, as a matter of human experience, that the situation is accurately described in the *Broaddus Case, supra,* thus: "It is a matter of general knowledge that when a person dies possessed of an estate, his neighbors, friends and relations immediately canvass its character, value and disposition   *   *   *   ."

The will of Melynda Milligan, executed the 1st day of March, 1906, appears to have been witnessed by three witnesses.  It is a natural inference, from this fact, that the will was not a holograph will.  It is, therefore, consonant with reason and experience that

the provisions of the will, upon probation, were not only constructively but actually published in the community where the real estate was situated. For six years the will was a public record. For the same length of time, if the allegation of the bill be true, Isaac H. Milligan, while not convicted, was a potential felon, as it was a felony, under the provisions of section 3721 of the Code of 1904, to secrete or destroy a will. Had the appellants been diligent in the prosecution of their claim and prevailed therein, during the lifetime of Isaac Milligan, the felonious act would have been discovered and the alleged fraud rectified. To permit the appellants to establish their case now, after the death of Isaac H. Milligan, when the appellee is deprived of the benefit of his evidence, would, in our opinion, be unfair and unjust.

[5] In *Canada* v. *Barksdale*, 84 Va. 746, 6 S. E. 11, it is said: "It is well settled that to entitle a party to relief in equity against a judgment at law, it is not sufficient to show merely that injustice has been done; the party applying must show that he has been guilty of no laches, and that he has done everything that could reasonably be required of him to render his defense effectual at law. Otherwise relief will be denied; for it is more important that there should be an end of litigation than that justice be done in every case." See *Wallace* v. *Richmond, Assignee*, 26 Gratt. (67 Va.) 67; *Yuille's Admr.* v. *Wimbish*, 77 Va. 308.

When the court sees the great disadvantage to which the appellee would be put, should the case go to proof, a disadvantage occasioned by the lack of diligence on the part of appellants, it will deny the relief sought.

For these reasons the decree of the circuit court is affirmed.

*Affirmed.*