## Richmond.

## McCORMICK, TRUSTEE v. ATKINSON, TRUSTEE, AND ALS.

### November 15th, 1883.

1. FRAUDULENT CONVEYANCES—*Inconsistent reservations.*—It is well settled that a conveyance professedly to indemnify creditors, but expressly or impliedly reserving to the grantor powers inconsistent with and adequate to defeat such purpose, is void as to creditors and purchasers.

2. IDEM—*Idem—Registry of such conveyance.*—Where conveyance is made of stock and fixtures of a store, in trust to secure debt payable *in futuro*, without right to trustee to possess or control the property, except in event of default of payment, then, on request of *c. q. t.*, trustee to sell the same, such conveyance impliedly reserves to grantor the power to possess and sell the property; and if he sells, then, as to the purchaser, and creditors of that purchaser, that conveyance is void, although it may have been recorded, its recordation being only notice of a void thing.

3. PRIORITIES.—As between an unrecorded deed of trust, and a subsequent but recorded conveyance of the equity of redemption without notice of the former deed, the latter hath priority.

Appeal from decree of circuit court of Frederick county rendered 23d June, 1882, in the chancery cause wherein W. M. Atkinson, trustee, was plaintiff, and F. H. Bonley, G. W. Bonley, M. McCormick, R. Parker, A. R. Pendleton and others were defendants. George Bonley, on 15th January, 1880, conveyed to W. M. Atkinson, trustee, the stock and fixtures of his drug-store in Winchester, in trust to secure payment of two bonds, one for $500, payable eighteen months, and another for $550, payable two years after date, but the deed was not admitted to record until the 24th June, 1880. And on 24th April, 1880, he conveyed same property to R. Parker and A. R. Pendleton, trustees, to secure a debt of $727.61, payable at three years, to M. McCormick, trustee. This deed, the grantees therein having no notice of the prior deed, was admitted to record on 26th April, 1880.

Neither of these deeds contained any provision authorizing the trustees to take possession or control of the said property unless there was default in the payment of the several debts at their maturity, in which event the trustees were to sell the property according to the terms prescribed, on the request of the *cestui que trust*.    The grantor remained in possession and continued to sell the property in his usual way, until at the end of about eight months, when he sold the same to his brother, F. H. Bonley, who assumed to pay the trust debts.    Soon F. H. Bonley got in debt, was sued and had judgments and executions against him.    The latter having been levied on the property in the drug-store, W. M. Atkinson, trustee, filed his bill making George Bonley, his vendee, F. H. Bonley, the trust lienors, and the execution creditors of F. H. Bonley parties, obtained an injunction to the interference of any one of the parties with the property, and had the same placed in the hands of a receiver.    By order of the circuit court, an account of the several liens was taken and reported.    At the hearing the circuit court decided that both of the said deeds of trust were void as to F. H. Bonley, the purchaser of the trust property, and as to his execution creditors, but as between those deeds, assigned priority to the junior, as without notice of the senior deed, it had been first admitted to record.    From this decree M. McCormick, trustee, obtained an appeal to this court.

*Dandridge & Pendleton,* for the appellant.

*T. W. Harrison,* for the appellees.

LEWIS, P., delivered the opinion of the court.

A deed of conveyance, professedly for the indemnity of creditors, in which the grantor expressly or impliedly re-

tains a power inconsistent with, and adequate to the defeat of, the avowed object of the deed, is void as against creditors and purchasers. This is a well settled principle repeatedly recognized by this court. *Lang* v. *Lee,* 3 Rand. 410; *Sheppard* v. *Turpin,* 3 Gratt. 373; *Addington* v. *Etheridge,* 12 Gratt. 436; *Perry & Co.* v. *Shen. Valley Nat. Bank,* 27 Gratt. 755. It is decisive of the question raised in the present case touching the validity of the trust deed from George Bonley and wife to Parker and Pendleton, trustees. By that deed the stock and fixtures in the grantor's drug-store were conveyed to secure the payment of a certain debt due by him and evidenced by his bond payable three years after the date of the deed. By fair implication from the terms of the deed, the grantor retained the power, not only to continue in possession of the property conveyed, but to sell the same, as well the fixtures as the stock; and that, too, without accountability to the trustees or other person.

No provision is contained in the deed giving to the trustees the right to take possession of the property or to exercise control over it, unless default in the payment of the bond at its maturity, three years after the date of the deed, should be made, in which event the trustees, if reqested by the *cestui que trust,* are required to publicly sell the property in the manner and upon the terms prescribed in the deed. After the execution of the deed, the grantor remained in possession of the property and continued to sell the stock in the line of his business until his sale to F. H. Bonley, eight months after the date of the deed. That the power thus impliedly reserved and freely exercised was adequate to the destruction of the avowed object of the deed, and that the deed is therefore void as against the purchaser, F. H. Bonley, and his creditors, who claim the right to subject the property to the payment of their debts, there can be no doubt. And the deed being

thus void as to those parties, the case is not altered by the fact that it was duly admitted to record before the sale to F. H. Bonley, as its recordation was only notice of a void thing.   2 Minor's Insts. 618.

The remaining question to be determined is raised by the appellees, who insist that as between the McCormick and the Atkinson trust deeds the latter is entitled to priority.   By the former deed George Bonley and wife conveyed *all their interest* in the stock and fixtures already referred to.   By the latter George Bonley had previously conveyed the same property to secure the payment of certain debts therein mentioned.   The appellees insist that a deed purporting simply to convey the vendor's right, title and interest in certain property will not defeat an unregistered mortgage upon the same property.

It is plain that the intention of the parties was to convey, and that the language employed in the McCormick deed is appropriate to convey, the property in question, and that the same was conveyed absolutely, unless the deed was made in subordination to the Atkinson deed.   But as that deed was not recorded until after the execution of the McCormick deed, and as the testimony fails to show that either the trustees or the *cestui que trust* in the latter deed had notice of its existence, it must be postponed to the latter deed.   The language of the statute is that every such unrecorded deed shall be void as to creditors and subsequent purchasers for valuable consideration without notice; and in that category are embraced " all creditors and purchasers who, but for the deed or writing, would have had title to the property conveyed, or a right to subject it to their debts."   Code, 1873, ch. 114, §§ 5, 11.   The circuit court, therefore, properly postponed the Atkinson to the McCormick deed, and its decree must be affirmed.

DECREE AFFIRMED.