## Wytheville,

SAUNDERS, TRUSTEE, V. WAGGONER & CO.

SAME V. PEMBERTON & PENN.

SAME V. THE GLAMORGAN CO.

JULY 15th, 1886.

1. APPELLATE COURT—*Jurisdiction—Trustee* —A trustee in an assignment for benefit of creditors, as representative of whole fund, may appeal from a decree, if aggrieved thereby, though none of the debts secured separately amount to the minimum jurisdictional amount. *Atkinson*, v. *McCormick*, 76 Va. 791.

2. FRAUDULENT CONVEYANCES—*Inconsistent reservations.*—It is well-settled that conveyances professedly to indemnify creditors, but expressly, or impliedly, reserving to grantors powers inconsistent with and adequate to defeat such purpose, are void as to creditors and purchasers. *Wray* v. *Davenport & Morris*, 79 Va. 19.

3. IDEM—*Case at bar.*—This is a case where the trust deed on its face reserves to the grantor powers to use, enjoy and control the property conveyed, that are inconsistent with its professed object and adequate to defeat it, and is void as to creditors and purchasers.

Error to judgment of circuit court of Franklin county, rendered April 1st, 1885, in three actions at law, tried together (1), Waggoner & Co. v. E. W. Saunders, trustee of M. Waid; (2), Pemberton & Penn v. The Same; and (3), The Glamorgan Company v. The Same.

The plaintiffs caused their executions, issued on judgments obtained against Waid since the date of the trust deed executed

by Waid to said trustee, to be levied on personal property conveyed thereby. Saunders claimed the property under the trust deed. The plaintiffs indemnified the sheriff. Saunders gave the suspending and forthcoming bonds required by the statute in such case. Proceedings were then had under Code 1873, ch. 149, whereby his claim to the property levied on was tried. The court decided against his claim. Thereupon he obtained a writ of error and *supersedeas.*

Opinion states the case.

*Penn & Cocke* and *G. E. Dennis,* for the plaintiff in error.

*R. E. Scott* and *Dillard & Dupuy,* for the defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

The questions of law and of fact being the same in each of these causes, as a matter of convenience, it was agreed that the same judgment should be rendered in each case; and though separate judgments were entered up, the petition in this case brings them all up together, and they have been argued and submitted, as one cause, to the review of this court. From a transcript of the record presented, it appears that: On the 15th day of March, 1884, Marshall Waid and wife executed a deed of trust, conveying a large amount of property, real and personal, to E. W. Saunders, trustee, to secure his creditors, who are named in the said deed in *two* classes. Subsequent to that time and event, the several plaintiffs in the three common law actions mentioned obtained judgments against the said Waid, and caused executions to be levied upon the personal property conveyed in the aforesaid deed of trust; and the sale thereof being forbidden by Saunders, the trustee, the respective plaintiffs gave indemnifying bonds, and then the trustee gave sus-

pending and forthcoming bonds; whereupon, the said several plaintiffs united in a petition for the trustee to be required to appear before the circuit court of Franklin county and assert his title to the said property levied on. The trustee appeared and claimed the title under the said deed of trust; and, the facts being agreed, the court rendered judgment in favor of the several plaintiffs in the executions, and against the trustee for the property so levied on.

The case presents a contest between execution creditors claiming certain personal property by virtue of their several liens of *fieri facias,* and a trustee who claims the same property by virtue of a deed of trust of prior date to the liens of the executions. The sole question presented for the decision of this court is, which is the better claim? In determining this question the court will look to the face of the deed of trust, and to the facts agreed upon by the parties to the submission. The contention of the appellees is, that, though the deed of trust is professedly to indemnify creditors of the grantor, yet it reserves to the grantor powers inconsistent with the terms and object of the deed, which are adequate to defeat the purpose of the deed, and that it is, therefore, null and void.

But we are met, at the very threshold, with the question of the jurisdiction of this court to review the judgment of the court below in these cases. The Constitution of Virginia, article VI, section 2, fixes five hundred dollars of value, exclusive of costs, as the minimum amount requisite to give this court jurisdiction to review a judgment or decree of a circuit court. The onus is upon the appellant, or plaintiff in error, to show by the record that the case which he presents is one of which the appellate court has jurisdiction. *Harman* v. *City of Lynchburg,* 33 Gratt. 40. Citing 10 Peters, 160.

In this case the plaintiffs' debts are separate and distinct, and evidenced by separate and several judgments rendered in

independent and respective common law actions. Neither plaintiff has any interest, privity or concern in the judgments of the others, and their several claims could not be united or consolidated to give this court jurisdiction. *Umbarger* v. *Watts*, 25 Gratt. 167; opinion of this court by Burks, J., in *Pope* v. *Hale*, not reported, referred to in the unanimous opinion of this court in *Southern Fertilizing Co.* v. *Nelson*, reported in Virginia Law Journal March, 1882, page 162.

The record shows that, on February 24, 1885, J. J. Waggoner & Co. having an execution for $1,095.13 against one Marshall Waid, in the hands of the sheriff of Franklin county, directed it to be levied, and the sheriff did levy it upon "sixteen boxes of manufactured tobacco, one hydraulic press, two sets of plug-shapers, four screws, fourteen hogsheads of tobacco stems, two thousand pounds of leaf tobacco, two show cases, lot of dry goods, hardware, boots, shoes, drugs, groceries, notions, earthenware, clothing, three pair of scales, one iron safe, and sixty-four head of cattle—the property of Marshall Waid." All of which was then in the possession, use and occupation of said Waid, and by means of which he was then, and had been for a long time previously thereto, carrying on the business of tobacco manufacturer and retail store-keeper.

The execution of the plaintiffs—Pemberton & Penn—against the said Waid, was sued out of the clerk's office of Franklin county, and placed in the hands of the sheriff of the said county, and was by him levied February 24, 1885, upon the same property of the said Waid aforesaid, for the sum of $365.84; and the execution of the plaintiffs—The Glamorgan Company—was in the hands of the said sheriff of Franklin county, and levied at the same time upon the same property of the said Waid, for the sum of $364.54.

Neither of the judgment creditors can, by any possibility, have any interest in the property levied on, whatever may be

its value, beyond the sum for which his execution was levied. But, though the record shows that the claim of the defendants in error—Pemberton & Penn—evidenced by their judgment and execution levied, is for a less sum than $500, and that the claim of the defendants in error—Glamorgan Company— evidenced by their judgment and execution levied, is for a less ,amount than $500; yet, as this plaintiff in error is "a trustee in an assignment for the benefit of creditors, as the representative of the whole fund (which is over $500), *he* may appeal;" and this court will have jurisdiction, though of the debts secured in the deed of trust, no one of them, separately, amount to $500. *Atkinson,* v. *McCormick,* 76 Va. (1 Hansbrough) 791.

As soon as the execution of the defendants in error, Waggoner & Co., for $1,095.13 was levied, as aforesaid, E. W. Saunders, trustee (the plaintiff in error), appeared and claimed the property levied on, under and by virtue of the said deed of trust from Marshall Waid and wife, of March 15th, 1884, whereby the said parties granted to the said Saunders, trustee, a large variety and quantity of real and personal estate, enumerated in the said deed, amounting to the estimated value of $22,000, one-half of which was personalty—inclusive of the aforesaid property levied on as aforesaid, in trust to secure certain debts of the grantor, Waid, amounting to $24,082.13, in two classes—first class amounting to $17,681.26, and the second class to $6,400.85. The said deed of trust contains this clause: "And it is covenanted expressly herein 'that the said grantor is to *hold, occupy, and enjoy the use and profit* of the property herein conveyed, for the term of two years from this time, by paying to the creditors of the first class ten per cent. on each of the debts named in that class, at the end of four months from this day, and the same amount due on the balance of each of said debts at the end of eight months from

this day, and the same amount on the balance then due on each of said debts at the end of twelve months from this day, and the same amount on the balance then due on each of said debts at the end of sixteen months from this day, and the same amount on the balance then due on each of said debts at the end of twenty months from this day; and shall, at the end of two years, pay all that shall be due on said first-class debts, and all that shall be due on second class of debts herein secured; and in the event that the said grantor shall fail to pay all of the debts due and herein secured, at the end of two years from this day, then the said trustee shall, on the request of the person or persons holding a majority of the debts then unpaid, after giving due notice of time, place and terms, proceed to sell, &c., &c. And the said trustee shall, upon such default, take charge of, and proceed to collect all outstanding debts and demands due to said Marshall Waid on any account whatever. And it is further covenanted and agreed that if the said grantor shall be in default in the payment of as much as two of the instalments of ten per cent. on the debts secured in the first class at one time, then the said trustee, at the request of the person or persons holding the majority of the debts herein secured, proceed to enforce this deed," &c., &c.

It appears from the record that, at the time of the levy of the aforesaid execution, the stock of goods mentioned in the deed of trust was being sold, at retail, by the said Waid, the defendant in the execution and the grantor in the deed of trust, and the proceeds thereof received by him; that such sales and manipulations had been carried on by him, continually, for more than a year after the execution of the deed of trust; that said Waid had made purchases of new goods for which a charge of $300 was then due and unpaid; that of the 30,000 pounds of leaf tobacco mentioned in the deed of trust, a large

part had been manufactured and sold by the said Waid, and the proceeds collected by him; that he had negotiated a sale of the 20,000 pounds of tobacco stems to Pemberton & Penn, one of the deferred creditors, the proceeds to be applied to the payment of their debt in full, and the balance to be paid to said Waid; that such of the outstanding debts as had been collected had, all but one, been collected by the said Waid; that no money had ever been paid over to the trustee, who had never signed the deed or exercised any right, power, or duty, under the deed until after the levy; that from the use and enjoyment of all the property, real and personal, and from the collection of the choses in action, during more than twelve months, the said Waid had paid only the sum of $1,714.57 to his creditors. Upon this state of facts, the judgment of the circuit court was that the property levied upon was liable to the said executions.

The description of the property conveyed in the deed is vague and uncertain; no person is designated as having possession of or title to it; no place is mentioned where it can be found; and no inventory, then or afterwards, is taken, or ordered, of it. The trustee could exercise no control, or supervision, collect no debts, nor take possession; while, by the face of the deed, the grantor reserved power to hold, occupy, and enjoy the use and the profits of the property conveyed, for a term of two years, and meanwhile to carry on his business of farming, tobacco manufacturing and dealing, and retail merchant in the usual course of a general and varied stock, selling and collecting and applying the proceeds as he might see fit. The deed of trust of March 15, 1884, reserves upon its face, powers of use, enjoyment, and dominion over the property conveyed, inconsistent with its avowed object and entirely adequate to the defeat thereof, and, by all the authorities, and upon reason and justice, the deed is thereby rendered fraudulent, null, and void, as against creditors and purchasers.

Opinion.

In the case of *Lang* v. *Lee*, 3 Rand.—a case very similar to the case at bar—the court said: "All the cases concur in the position, that, if the power retained enable the grantor to defeat the provisions of the deed, it is null and void;" and in the recent case of *McCormick* v. *Atkinson*, 78 Va. 8 (3 Hansbrough), Lewis, P., delivering the opinion of this court, said: "A deed of conveyance professedly for the indemnity of creditors in which the grantor, *either expressly or impliedly*, retains a power inconsistent with, and adequate to, the defeat of the avowed object of the deed, is void as against creditors and purchaser." See *Marks* v. *Hill*, 15 Gratt. 430; *Wray* v. *Davenport & Morris*, 79 Va. (Hansbrough) 19.

We are of opinion that the judgment of the circuit court of Franklin county, appealed from, is right, and the same must be affirmed.

JUDGMENT AFFIRMED.