## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

HUGHES, EFFINGER & CO. V. EPLING AND OTHERS.

JULY 16, 1896.

Absent, Harrison, J.

1. FRAUDULENT CONVEYANCE—*Inconsistent Reservation by Grantor—Fraud per se.*—A deed of trust on a stock of merchandise which provides that the grantor shall be suffered to remain in the possession and enjoyment thereof until default is made in the payment of the debt secured, and request by the creditor to foreclose, and without acountability to the trustee for the proceeds of sale made by the grantor, is fraudulent *per se.*

Appeal from a decree of the Hustings Court of the city of Radford, pronounced November 23, 1892, in a suit in chancery, wherein appellants were the complainants, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Hoge & Hoge,* for the appellants.

*Heflin & Dunlap,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The only question to be decided in this case is whether or not the deed of trust, validity of which is attacked by the appellants, is fraudulent *per se.*

The grantor was engaged in the business of a retail merchant, having one store in East Radford, and another in

West Radford. He conveyed his stock of goods or mer-
chandise at each place, together with all the fixtures in both
storehouses, such as show cases, stoves, and safes, and also
a horse and buggy, to Heflin & Dunlap, trustees, to secure
the payment of a debt due by him to G. W. Epling, and
also to secure him as indorser upon two negotiable notes.

The deed provided that the grantor should " be suffered to
remain in possession and enjoyment of the said stocks of
goods or merchandise until default " should be made by the
grantor in the payment of the negotiable notes, or of any
renewals or continuations of the same, or any part thereof,
or in the payment of the debt secured, and until G. W. Ep-
ling, the indorser and creditor, should require the trustees
to sell. Until there had been both a failure to pay, and a
demand to sell, the grantor retained the possession and the
right of disposition. There is not only no provision in the
deed that he is to account to the trustees for the proceeds of
sales made by him while in possession, nor any recognition
that such sales are for their benefit, but the terms of the
trust exclude any such idea, and necessarily imply that he
had the right to dispose of the goods in his business for his
own benefit, and to continue to do so as long as the negotia-
ble notes could be renewed, and the party secured was con-
tent not to require a sale.

The law does not authorize such agreement. A creditor,
in securing himself, must be careful that the contract by
which he is secured does not contain provisions which do
not benefit him, but which benefit the debtor, and were so
intended, and are prejudicial to other creditors. It does not
allow the creditor to make use of his own debt for any other
purpose than his own indemnity. When he goes beyond
this, and puts into the contract provisions which have the
effect of shielding his debtor, by allowing him to dispose of
the trust subject for his own purposes, and by which other
creditors are hindered and delayed in the collection of their

debts, the contract cannot be upheld.  The power retained was incompatible with the avowed purpose of the grantor to furnish indemnity to his creditor and indorser, and is fully adequate to the defeat of the provisions of the deed of trust.

This court, in *Lang* v. *Lee*, 3 Rand. 410, held that, where such a power is retained by the grantor, his conveyance is fraudulent *per se*, null and void as to other creditors.

In the case of *Addington* v. *Etheridge*, 12 Gratt. 436, a merchant conveyed to a trustee all his stock of goods and the storehouse for the balance of the year, in trust to pay certain debts described in the deed. It provided that he should retain possession of and sell the goods in the usual line of his trade, and occupy the storehouse, until default in the payment of any of the debts, and until the trustee should be required by any of the creditors to close the deed by a sale.   It was held to be fraudulent *per se*, because the power retained was incompatible with the avowed purpose of the trust, and fully adequate to the defeat of the provisions of the deed.

The doctrine laid down in those cases has been uniformly recognized and followed by this court.   *Sheppards* v. *Turpin,* 3. Gratt. 373; *Spence* v. *Bagwell,* 6 Gratt. 444; *Marks* v. *Hill,* 15 Gratt. 400, 416; *Perry & Co.* v. *Shenandoah Nat. Bank,* 27 Gratt. 755; *Brockenbrough,* v. *Brockenbrough,* 31 Gratt. at page 590; *McCormick trustee* v. *Atkinson trustee,* 78 Va. 8; *Wray* v. *Davenport,* 79 Va. 19; *Saunders* v. *Waggoner & Co.,* 82 Va. 316.

We are of opinion that the deed of trust in this case was fraudulent *per se*, and should have been declared null and void by the trial court, as to the creditors who established their debts in the case.   The decree appealed from must therefore be reversed, and the cause remanded to that court, to be proceeded in, in accordance with this opinion.

*Reversed.*