ELMA G. BROWN, *Appellant,* v. LOUISE AVERY, *Appellee.*

## ON REHEARING.

1. Where an instrument in writing which states that it is made as the last will and testament of the testatrix, expresses a purpose to change the disposition of property made by a previous will, and makes specific and definite disposition of property without ambiguity or imperfection in its terms, it is when duly signed by the testatrix a valid will of the personal property even though it contains ineffectual provisions relating to real estate because the instrument was not attested by witnesses as is required for wills of real estate.

2. The testamentary intent expressed in a valid will of personal property may not be impugned by mere allegations that the instrument was not intended as a will, and that it was not signed with testamentary intent, but was intended merely as a memorandum to enable the attorney to prepare another will, at least in the absence of a clear and positive showing that the instrument impugned was lawfully executed to effect a different or collateral purpose wholly inconsistent with the intent expressed in the instrument, there being no suggestion of a change of testamentary intent, or of fraud, mistake, imposition, incompetency, illegality or other infirmity in the instrument or in the making and execution of it.

3. Even though a testatrix may have contemplated the execution of a will to be prepared by her attorney, if the instrument signed by her as her will, and sent to her attorney to use in

preparing a more formal document, is a sufficient will of personalty, the mere fact that another will was prepared and was in her possession so that she could have executed it before her death, would not affect the validity of the instrument signed.

*Bount, Blount* & *Carter* for Petitioner.

PER CURIAM—The instrument dated June 27, 1911, is in writing signed by the testatrix which is a full compliance with the statute regulating the making of wills of personal property. It expressly states that it is made as the last will and testament of the testatrix   It expresses a purpose to change the disposition of property made by a previous will. It makes specific and definite disposition of property. There is no ambiguity or material imperfection in the form or substance of the instrument. It has been proved for probate as required by the statute. There is nothing to indicate that the instrument has been revoked or superseded. Under these circumstances the instrument when signed by the testatrix became a valid will of the personal property even though it contains ineffectual provisions relating to real estate. As a testamentary disposition of personal property the instrument is of equal dignity and binding effect as an attested will of real estate. Being a valid will of personal property, the testamentary intent expressed therein may not be impugned by mere allegations that the instrument when signed or afterwards was not intended by the testatrix to be her last will and testament, or a part of the same and that the document was not intended to be testamentary and was not signed with testamentary intent, but was intended to be merely a memorandum to enable her attorney to prepare another will at least in the absence of a clear and positive showing that the instrument was lawfully executed to effect a different or callateral purpose wholly inconsistent with the

expressed testamentary .intent contained in the duly exe-
cuted and sufficiently formal, definite, unambiguous docu-
ment which on its face shows it is the duly executed last
will and testament of the testatrix, the said instrument
having been duly proved for probate as required by the
statute and there being no suggestion of a change in the
expressed testamentary intent, or of fraud, mistake, impo-
sition, incompetency, illegality or other infirmity in the
instrument or in the making and execution of it.

The instrument of June 27, 1911, appears to be the last
legally sufficient and effective expression of the testamen-
tary intent of the testatrix with reference to her property.
Even if the testatrix contemplated the preparation for her
and the execution by herself of a more formal document,
her testamentary intent is shown in the instrument she
did sign which expressly states it is her last will and testa-
ment and such intent is made effective in law and in fact
by being in writing signed by the testator in full compli-
ance with the statute regulating the execution of wills of
personal property.    The intent thus expressed and the
will thus duly made continue in legal force and effect
until the testamentary intent is duly shown to have been
changed in the manner and by the means required by law.

Proof of the allegations that the attorney of the testa-
trix upon receipt of the instrument dated June 27, 1911,
"did prepare in accordance with the said document a
paper in proper form purporting to be the last will and
testament of said" testatrix and sent the same to the said
testatrix to be executed, but though said testatrix received
said paper so drawn by her attorney, and had ample op-
portunity to execute it before her death, yet she did not
execute it, but kept it among her papers intending not to
execute it and left it unexecuted at the time of her death,

would not affect the validity of the instrument of June 27, 1911, as an effective will of personal property.

The allegations of the contestant's petition confirm the testamentary intent of the testatrix as expressed in the signed instrument and do not show a change of intent. The mere failure to execute a more formal instrument that had been prepared at her request and sent to her and that would have been an effective will of both real and personal property does not show an intent to supersede the instrument that she had already signed sufficiently and legally expressing the testamentary intent as to personal property.

There is nothing in the petition to indicate that when the document was delivered to the attorney as alleged, there was any *res gestae* expression of a lack of testamentary intent on the part of the testatrix who had signed the writing, declaring it to be her last will and testament, even if that would be effective in a case like this one.

The will dated June 27, 1911, does not disclose an intent for a dependent relative revocation or for a complete scheme of testamentary disposition dependent upon a valid disposition of the whole of the decedent's real and personal property.

A rehearing is denied.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.