HERBERT TROTTER, as Executor of the Estate of J. I. Triplett, Deceased, *et al.*, v. WILLIAM T. VAN PELT, *et al.*

198 So. 215
Division A
Opinion Filed October 1, 1940
Rehearing Denied November 9, 1940

518

*Fleming, Hamilton, Diver & Jones,* for Appellants;
*Henry P. Adair, Cyril C. Copp* and *Victor Blue,* for Appellees.

TERRELL, C. J.—Dr. J. I. Triplett, of Mt. Jackson, Virginia, died testate in March, 1930. His will was dated October 26, 1927, and to it three codicils were attached dated respectively November 6, 1927, August 6, 1929, and September 17, 1929. The will devised the bulk of the estate to Herbert Trotter, J. I. Triplett, Jr., F. S. Tavenner, Jr., and W. L. Vehrencamp, in trust for the purpose of founding an educational institution to be known as Triplett Business College. Herbert Trotter was named as executor of the estate in the will.

In due course, the executor offered the will including the three codicils for probate in Shenandoah County, Virginia. An order was entered probating the will as the holographic, attested last will of the testator and the three codicils as his holographic unattested will. Certain heirs and distributees of the testator then brought a proceeding against the executor, trustees and others having claims against the estate contesting the probate of the will. This proceeding resulted in a decree denying probate as an attested will but admitting it included the three codicils to probate as the holographic unattested will of the testator. This decree was on appeal affirmed by the Supreme Court of Apeals of Virginia, January 11, 1934.

In July, 1930, the plaintiffs in this suit filed caveat in the probate court of Duval County praying that they be notified if the will as probated in Virginia be offered for probate in the latter county. In June, 1934, the executor offered the will for probate in Duval County as the attested will of J. I. Triplett. In July, 1934, the caveators filed their petition resisting probate as the attested will of the testators at the same time challenging the jurisdiction of the court to admit the will to probate in Florida. A demurrer to this petition was filed and further proceedings in the probate

court were suspended pending disposition of the cause in the circuit court.

The present suit was instituted in the Circuit Court of Duval County in August, 1930, by bill for partition and other relief on behalf of complainants, appellees here. The trustees and other heirs who did not join in the partition suit were named as defendants. The bill of complaint was several times amended, answers were filed, testimony was taken, and in August, 1939, final decree was entered holding that all parties to the cause were estopped to assert that the will was the attested last will of the testator since that question was concluded by the Virginia Courts and that J. I. Triplett died intestate as to his Florida real estate. This appeal is from the final decree.

Nothing but the Florida real estate owned by J. I. Triplett at the time of his death is affected by this litigation so the primary question is what was the effect of the Virginia probate in Florida and whether or not the will was properly executed and sufficient to pass title to the Florida real estate to the trustees for the purposes stated. If it was insufficient for that purpose, then it must be admitted that said real estate passed to the heirs at law of the testator under the Florida statute of descents.

Appellants and appellees agree that the law of the situs governs the title, devolution, and distribution of real estate but their deductions from this rule are at variance. Appellees contend that the will (including codicils) being holographic and unattested is ineffective under the Florida statutes to pass title to real estate in Florida while appellants contend that the will (not including codicils) was executed in compliance with every requirement of the law of Florida and is ample to dispose of real estate in this State. Appellants, in other words, say that the testator dies testate as to

his Florida real estate while appellees contend that he died intestate as to said real estate.

Appellants also contend that the Virginia decrees affecting the will are not binding on them as to Florida real estate, that they were in fact in error on that point and that they are entitled to have the effect of the will as to Florida real estate adjudicated by the courts of Florida. Appellees contend on the other hand that the litigation in Virginia to determine the status of the will was a proceeding *in rem,* that while the Florida real estate was not before the courts, the will was before them, that the Virginia courts had jurisdiction to determine the status of the will and that when determined, such determination was conclusive as to status but that it had no effect nor by it did the Virginia courts purport to determine, nor could they determine what rights were conveyed by the will to real estate located outside the State of Virginia. This contention presents a contradiction that seems. to create a right for appellees and destroys a remedy for appellants.

Appellees also contend that appellants having presented the issue of attestation to the Virginia courts and it having been decided adversely to them, they are now precluded from relitigating that question in this State. They rely on (1) the nature of the litigation, (2) the doctrine of *res judicata* and estoppel, (3) full faith and credit, (4) collateral attack, and (5) the doctrine of the *lex loci rei sitae,* to support their contention.

This contention as to attestation is sound in so far as it affects litigation in the State of Virginia but we do not think it has any application beyond the limits of that State. To apply that rule in this case would as to real estate in Florida abrogate the doctrine of *lex rei sitae* or place a limitation on it that is unwarranted. Appellee's contention as to the

litigation in Virginia being a proceeding *in rem* is correct but the judgments entered did not affect the title to real estate in another State. In answer to the contention as to *res judicata,* it is sufficient to say that the elements essential to constitute it as stated in Gray v. Gray, 91 Fla. 103, 107 So. 261, are not present. As to full faith and credit, it is sufficient to say that proceedings to probate a will do not fall within Section 1, Article IV of the Federal Constitution, making that requirement. Such proceedings are conclusive within the State but they establish nothing beyond the limit of the State where the probate took place. Nelson v. Trotter, 50 N. J. L. 324, 15 Atl. 375; Dibble v. Winter, 247 Ill. 243, 93 N. E. 145.

Neither was this a collateral attack on the Virginia probate proceedings. As to appellants, the sole issue was whether the testator died testate or intestate as to Florida real estate. To settle that issue, they relied on and offered the will of October 26, 1927. They discard the codicils on the theory that the original will was properly attested under the laws of Florida, that the codicils were not so attested and if they had been, they had no effect on the general purpose of the will and in no way affected the Florida real estate.

If the courts of Florida are precluded from determining the status of the Triplett will as to real estate in Florida, then the *lex loci rei sitae* is controlled by the Virginia decisions. The right to contest a will of real estate is not local but is incidental to the parties, the realty, and the jurisdiction where the latter is situated. It follows that when a testator executes a will devising lands in two or more States, the courts in each State will construe it as to the lands located therein as if devised by separate wills. McNamara v. McNamara, 293 Ill. 54, 127 N. E. 130; Kirkland v. Calhoun,

147 Tenn. 388, 248 S. W. 302; Nelson v. Potter, 50 N. J. L. 304, 15 Atl. 374.

. The evidence shows that the will of October 26, 1927 (not including the codicils), was executed in the presence of two subscribing witnesses who, at the testator's request, in his presence and in the presence of each other, signed as subscribing witnesses. This was in full compliance with the law of Florida and being so, was effectual to pass title to real estate in Florida. This interpretation gives full force and effect to the purpose of the testator and that is the lead for all courts when they construe a will. The chancellor was in error in holding that the testator died intestate as to his Florida real estate.

The Virginia Court decreed the will, including the codicils, to be holographic and unattested. . Appellees contend that the will came to Florida fixed with that status because of the Virginia decree, not because it was in fact unattested. The chancellor adopted this view and held the will ineffectual as to real estate in Florida. In our view, this status did not follow the will out of Virginia but was limited to its effect in that State. There are cases which hold that one State may be required to recognize a status fixed by the courts of another State but it is not required to attach to it the same legal consequences. Neither do the rights incident to the status so fixed in one State follow it into another State. 3 Freeman on Judgments (5th Edition), Volume 3, 1931. We understand the doctrine of *lex loci rei sitae* to be absolute but that would not be the case if the status attached to a will of realty in one State followed it into other States.

The next question is whether or not the will of J. L. Triplett had the effect of converting all real estate held by the testator at the time of his death into personal property under the doctrine of equitable conversion.

The pertinent provision of the will controlling this point is as follows:

"All other real estate will be disposed of as conditions are favorable for realizing full market value. The Executor will have the disposing of the realty that located in Florida through my nephew J. I. Triplett, Jr."

The doctrine of equitable conversion is a creature of equity, unknown to the law and is an application of the maxim that equity treats that as done which ought to be done. Under it, land which is directed to be converted into money is treated as money, and money which is directed to be invested in land is treated as land. As applied to wills, the object is to ascertain the intention of the testator and whether that intention was a conversion, out and out, for all purposes, or merely for a particular purpose, is to be gathered from the construction of the will as a whole. Moore v. Kernochen, 133 Va. 211, 112 S. E. 633.

It is true that the pertinent part of the Triplett will as quoted vests discretion in the executor as to time the sale of the real estate in Florida may be made but as to the fact of selling it is mandatory. The fact that trustees are vested with some discretion as to time, terms, and manner of sale does not militate against the doctrine of equitable conversion. Carr v. Branch, 85 Va. 597, 8 S. E. 475; Tait v. Dante, 78 Fed. (2nd.) 303; Whalley v. Lawrence's Estate, 93 Va. 424, 108 Atl. 387.

The doctrine of equitable conversion obtains in Florida. Christopher v. Munger, 61 Fla. 513, 55 So. 273. The language of the will was clear and definite on the point and had the effect of converting the Florida real estate into personalty on the death of the testator. No subsequent action on the part of the heirs, trustees, or anyone else was necessary to affect this purpose. Any other holding sub-

jects the Florida real estate to the decree of the Virginia courts and relieves it from the jurisdiction of the courts of this State. The lower court was therefore in error in holding that the appellants were estopped by the Virginia decrees from contesting the status of the will as to Florida realty.

The law of Florida, Section 5461, Compiled General Laws of 1927, provides that no devise of lands shall be revocable by any other will or codicil unless the same be in writing and attested in the same manner as the will in the first instance. The will of October 26, 1927, was executed with all the requirements of Florida law. The Virginia courts denied probate of the will (including the codicils) as an attested will because of some changes and interlineations made after the execution of the will and that such changes had the effect of revoking the attested will but not being made as required by law they had no such effect in this State. Brown v. Avery, 63 Fla. 376, 56 So. 34.

The interlineations and erasures in no way affect the material parts of the executed will and in fact so much of the will as affects the Florida real estate is unchanged. So much may also be said of the codicils but none of them is executed as required by statute so we are not concerned with them. We find nothing in the record showing an intention to revoke the will. There is a showing of an intention to re-execute his will but, until done, we must assume that he intended it to remain as written October 26, 1927.

It is therefore our conclusion that the will of October 26, 1927, was executed in compliance with the laws of Florida, that it was in full force and effect as to Florida real estate at the death of the testator, that the probate in Virginia established nothing beyond that State and, being so, the bill of complaint fails to allege a ground for petition.

. ·The judgment of the chancellor is accordingly reversed.
· ·Reversed.

· ·BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment. :

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.