### RILEY v. DOING et al.
### Civ. A. No. 1351.

District Court, S. D. Florida, Miami Division.
July 8, 1946.

D. H. Redfearn, of Redfearn & Ferrell, all of Miami, Fla., for plaintiff.

Crate D. Bowen, of Shutts, Bowen, Simmons, Prevatt & Julian, all of Miami, Fla., for defendants.

DE VANE, District Judge.

This is a suit for a declaratory judgment to construe the last will and testament of Adelaide A. Riley, deceased.

The will was executed June 30, 1938. Testatrix died July 28, 1945, leaving no issue. She was a resident of Miami, Florida, on the date the will was executed and at the time of her death. The will was admitted to probate September 17,

1945 by the County Judge of Dade County, Florida, and the suit to construe the will under the Florida Declaratory Judgment Statute, F.S.A. § 87.01 et seq., was filed in the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida, on October 22, 1945. The case was removed to this Court because of diversity of citizenship of the parties—the amount in controversy exceeding $3,000.

The testatrix, in her last will and testament, first provided for the payment of her just debts and then bequeathed all her jewelry and wearing apparel to her sisters who survived her. The will then provides:

"All the rest, residue and remainder of my property, and estate, whether real, personal or mixed, and wheresoever situate, I give, devise and bequeath unto my brother, Charles H. Doing, in trust, for the remainder of the natural life of my beloved husband, Bart A. Riley."

Testatrix authorized the Trustee to collect the rents, profits and income from the Estate and distribute same during the life of her husband on the basis of forty per cent (40%) to her husband and sixty per cent (60%) to her brothers and sisters. The will then provides that upon the death of her husband said trust shall terminate and the trust property shall be divided equally between her six brothers and sisters.

The will also contains the following provision:

" * * * provided, however, that should my said husband renounce this will and elect to take the share of a surviving husband in a deceased wife's estate, under the laws of inheritance of the State of my domicile at the time of my death, than and in that event the above created trust shall not take effect, and I then give, devise and bequeath all of my property, then remaining, whether real, personal or mixed, and wheresoever situate to all of my said brothers and sisters, per stirpes and not per capita, share and share alike."

The issue in the case is the proper interpretation of the last quoted provision of the will. Plaintiff construed this provision of the will as giving him the right of election, under the will, to permit the trust to become effective and take forty per cent (40%) of the income of the trust estate, or to renounce the trust and take the share of the trust estate to which he would be entitled under the laws of inheritance of the State of Florida, in the same manner as though the testatrix had died intestate as to the trust estate.

In conformity with this interpretation plaintiff filed in the County Judge's Court, in and for Dade County, Florida, an "election under terms of will," carefully following the language of the proviso, in which he elected as "between said forty percent (40%) and the share provided for him in said estate under the laws of inheritance in Florida * * *" to take the share of a surviving husband in said estate, under the laws of inheritance of Florida.

Defendants contend that the will gives the husband no right of election, but provides in clear and simple language that if he renounces the will he shall take only what the law allows him under the laws of inheritance of the State of her domicile at the time of her death. Defendants also contend that testatrix died testate as to all her property, wheresoever situate, and that nothing remains for plaintiff to inherit under the laws of inheritance of Florida. Defendants further contend that by making and filing a renunciation of the will plaintiff has deprived himself of any interest in his deceased wife's estate and that he takes nothing by will or otherwise of testatrix's property situate in Florida.

The facts in the case are not in dispute. All the material averments of fact in the complaint are admitted in the answer and the only evidence submitted to the court at the trial was a copy of the will and a copy of plaintiff's "election under terms of will."

Upon the pleadings and upon this proof the court is called upon to interpret the will and determine the rights of the respective parties in this case.

The pleadings in the case disclose that testatrix owned real and personal property in Florida and in New York. The value of the property in Florida is shown by the pleadings to be very much greater than the value of the property in New

York. The laws of inheritance in New York and in Florida were the same in 1938, when the will was executed, as they were in July, 1945, when testatrix died. The laws of Florida give to a husband no rights in his deceased wife's estate superior to the disposition made of her property by will. The laws of New York give a husband rights in his deceased wife's estate which she cannot take from him by will.

It is well settled law that where a testator executes a will devising land in two or more States, the courts in each State will construe the will as to land located therein as if devised by separate wills. Trotter v. Van Pelt, 1940, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018. Counsel for the parties agree that the court must construe this will in conformity with the laws of Florida and with the cardinal rule of construction of wills as announced in the decisions of the highest court of the State. The sole question before this court in this case is whether testatrix gave plaintiff the choice of one of two rights under the will.

The cardinal rule of construction of wills, as many times announced in decisions of the Supreme Court of Florida, is that the intention of the testatrix shall govern. See Redfearn on Wills and Administration of Estates in Florida, Section 129 (P. 176), and cited cases.

As pointed out above, and this is conceded by counsel for the parties, the statutes of Florida give to the plaintiff no rights in his deceased wife's estate superior to the will. Plaintiff can inherit under the Florida statutes only such property as to which she died intestate. Where the wife dies intestate and without issue the husband inherits (Sec. 731.23) all her estate.

Plaintiff contends that when he renounced the trust, as his deceased wife authorized him to do in her will, it, in effect, took the trust estate from under the will and that as to this property she died intestate. The court does not so interpret the will. In determining the intent of testatrix there must be kept in mind that she owned property both in Florida and in New York; that in Florida she could, by will, divest her husband of all interest in her estate, but that in New York she could not do so. While testatrix lived in Florida at the time her will was made and at the time of her death, there is nothing in the record to warrant the court in assuming that when the will was drawn testatrix expected to be a resident of the State of Florida at the time of her death. The proviso states that should the husband renounce the will that he would "take the share of a surviving husband in a deceased wife's estate under the laws of inheritance of the State of my domicile at the time of my death." The Court is unable to read into this clear language an intent that testatrix's husband should have the right to renounce the will and take all her estate in Florida, under the laws of inheritance of Florida. The laws of Florida give him no such right. Had testatrix desired to give her husband the election to take all her Florida property she could have done so in clear and unambiguous terms in her will. This she did not do. It seems clear to this court that all testatrix intended by the proviso, when she made her will, was merely to provide that should the law of her domicile at the time of her death give to her husband rights in her estate, despite her will, which he desired to claim, that he would be limited to those rights only and that all of her property remaining after the exercise of such rights by her husband, would go to her brothers and sisters, as provided in the will.

The court, therefore, holds that the will does not give to plaintiff the right of election under the will, to permit the trust to become effective or to renounce the trust and take the share of the trust estate to which he would be entitled under the laws of inheritance of the State of Florida, in the same manner as though testatrix had died intestate as to said estate.

As pointed out above, defendants contend that when plaintiff made his election he terminated the trust and that all of the property of the testatrix, wheresoever situate, immediately passed to her brothers and sisters, as provided in the will. The court finds itself unable to agree with defendants on this issue. Plaintiff was careful in his "election" to indicate that he

construed the will as giving him the right to elect and all he attempted to do was to exercise this right under the will and plaintiff immediately filed in the proper State Court a bill of complaint to interpret the will and determine if he had such right. The court holds that the "election under terms of will," made and filed by plaintiff on the same day he filed his bill of complaint to construe the will, was merely a procedural step taken by plaintiff to have the court construe the last will and testament of his deceased wife. The carefully worded language used in such election does not have the effect of terminating the trust and depriving plaintiff of the interest in his deceased wife's estate, given him by the will. It merely made known the construction he placed upon the will.

In their answer to the bill of complaint, defendants filed a counter-claim in which it is alleged that plaintiff had taken possession of certain property of testatrix, among which is certain revenue producing property known as Hotel Adobar, located at 6060 Indian Creek Drive, Miami Beach, Florida, and has refused to surrender said property to the executor named in the will. In their counter-claim defendants pray that the executor be given possession of the real and personal property described in said counter-claim, together with all books, records and accounts of the operation of the Hotel and that plaintiff also be required to account to the executor for rents and profits derived from the operation of the Hotel, from the date of death of testatrix to the date of surrender of said property to the executor.

There is pending in the State Court a suit between plaintiff and defendants to determine the ownership of certain personal property located in the Adobar Hotel and an accounting cannot be had between the parties until that suit is finally disposed of. The administration of the estate of testatrix belongs in the Probate Court of Dade County, Florida, and upon the entry of a declaratory judgment herein the Executor named in the will, will be entitled to take possession of the property described in the counter-claim, under the supervision of the appropriate State Court.

This court, therefore, will hold in abeyance for the present the relief sought by the counter-claim. Should it become necessary at a later date, the court will make such Orders, upon the Motion of plaintiff or defendants, as are appropriate to dispose of all questions properly presented by the counter-claim and answer thereto. Otherwise the declaratory judgment entered herein will be a final judgment.

A Declaratory Judgment will be entered in conformity with this Memorandum Opinion.