HENDRY, Judge.
This is an appeal from an order of the County Judges’ Court of Dade County which, among other things, revoked the probate of a will as altered by the testatrix, and removed the testatrix cum testa-mento annexo. The order complained of .contained the following findings of fact:
“FLORENCE I. SHIFFLET executed her Last Will and Testament on the 21st day of July, 1961 in the presence of RUTH C. JONES and KENNETH E. JONES as attesting and subscribing witnesses. By the terms of this Will, Testatrix left her entire estate to her husband and appointed him Executor without bond. The Will provided that if the husband did not survive the Testatrix, then the brother-in-law of the Testatrix, LEROY J. SHIFFLET, should be the Executor without bond, and that her entire estate would be left to her mother-in-law, IVA J. SHIFFLET; that if neither husband nor mother-in-law survived, then the Executor named was to liquidate her assets in thir entirety and divide the proceeds between her brother, MATTHEW C. CALDWELL, and her brothers-in-law, LEROY J. SHIFFLET and WOODROW D. SHIFFLET.
“Some time after the execution of the Last Will and Testament aforesaid, the Testatrix, FLORENCE I. SHIF-FLET, at the bottom of the instrument made and executed a Codicil in the presence of said RUTH C. JONES and KENNETH E. JONES as subscribing and attesting witnesses. This Codicil, signed by FLORENCE I. SHIFFLET, provided for the bequest of $1,000 to DAVID KLINE, Jr., as therein stated.
“The Last Will and Testament and Codicil of the decedent, FLORENCE I. SHIFFLET, remained as above set forth without change until after the death of the Testatrix’ husband, EARL C. SHEFFLET. During the month of November, 1963, the Testatrix visited the office of her attorney, ROLLO E. KARKEET, Esq., bringing with her the Last Will and Testament and Codicil aforesaid, and after some conference and discussion with her attorney, Testatrix, in the presence of said attorney and his secretary, HELEN J. ADAMS, in Paragraph 3 of the said Last Will and Testament, drew a line through the words ‘in-law, Leroy J. Shiffiet’ and above the same wrote in to the said Paragraph 3, ‘Matthew C. Caldwell’ and on the margin of the said page containing Paragraph 3, placed the initials ‘F.I.S.’ On the second page of the Last Will and Testament and Codicil in Paragraph 7 thereof, Testatrix made the changes therein noted, drawing a line through ‘brothers-in-law. Leroy J. Shiffiet and Woodrow D. Shiffiet’, and writing above the same ‘sister Mary M. Mayo and nephew Donald C. Jones and niece Patricia Jones’. In the Codicil appearing at the bottom of said page, the body of said Codicil has been crossed out by the said FLORENCE I. SHIF-FLET. On the margin of said page, the Testatrix placed the initials ‘F.I.S.’ opposite each of the stricken and interlineated portions of the page. In the margin of said page there appears also the words ‘Witnesses: Rol-lo E. Karkeet and Helen J. Adams.’
“The testimony of Mr. Karkeet and Miss Adams is to the effect that FLORENCE I. SHIFFLET, the Testatrix, made the changes indicated in their presence, placed her initials on the mar *98 gins in their presence, and that Mr. Karkeet and Miss Adams signed the margin of the Will as their signatures appear in the presence of the Testatrix, FLORENCE I. SHIFFLET.
“Upon the death of FLORENCE I. SHIFFLET, RUTH C. JONES as petitioner presented the Last Will and Testament and Codicil altered and changed as above noted for probate. MATTHEW C. CALDWELL filed a renunciation of right to act as Executor.”

******

“On 30 December 1963, an Order admitting the Will to probate and appointing RUTH C. JONES as Admin-istratrix cum testamento annexo was entered by the Court, and Letters of Administration cum testamento annexo were issued to the said RUTH C. JONES on the same day.
“Petitioners contend that the act of the Testatrix, FLORENCE I. SHIF-FLET, in obliterating and mutilating the Will and Codicil as above set forth, and the witnessing thereof by ROLLO E. KARKEET and HELEN J. ADAMS, had no legal effect of revocation of the Will and Codicil as the same was originally lawfully executed. The respondent Administratrix cum testamento annexo contends that the actions of the Testatrix constituted a revocation of the Codicil and a revocation of that part of the Will stricken by her and a new testamentary disposition as to the interlineations made by her in the placing of her initials upon the margin as witnessed by ROLLO E. KARKEET and HELEN J. ADAMS.”
Judge Dowling’s order clearly and succinctly sets forth the legal issues based upon his findings of fact.
Much attention has been devoted by both sides to the question of whether the initial-ling by the testatrix fulfills the statutory requirement of a signature, nevertheless, we specifically do not resolve that question inasmuch as, we need not in order to reach our result of affirming the lower court.
It is our opinion that the attempted partial revocation of the will by the testatrix was inoperable because she failed to comply with the statutory requirements.
It is uncontested that the will in its original form was validly executed and would be entitled to probate, but for the attempted partial revocation. Before going further, it might be helpful to restate a valid generalization; the statute providing for revocation of will must be strictly complied with, partial or substantial compliance is insufficient.[1]
The statute dealing with this proposition, § 731.13, Fla.Stat, F.S.A. provides:
“A will or any part thereof may be revoked or altered by a subsequent written will, codicil or other writing, declaring such revocation or alteration; provided, that the same formalities required for the execution of wills under this law are observed in the execution of such will, codicil or other writing.”
It is obvious that this was the statute that the testatrix attempted to follow by her actions because partial revocation of a will may only be accomplished by strict compliance with the above statute and no other.
The partial, as opposed to complete revocation of a will, may not be accomplished by burning, tearing, cancelling, defacing, obliterating or destroying as provided in § 731.14 Fla.Stat., F.S.A. because that section does not have the necessary language “or any part thereof” as is found in § 731.13 Fla.Stat., F.S.A. Accordingly, unless the testatrix observed “the same formalities required for the execution of wills” then her attempted partial revocation must *99 he held a nullity, and the original will unaltered be admitted to probate.[2]
The remaining question necessary for resolution of the instant case is whether the attempted partial revocation of the will was accomplished with the same formality as the execution of the will. The statute providing for the execution of wills is § 731.-07 Fla.Stat., F.S.A., which provides in relevant part:
Every will, other than a nuncupa-tive will, must be in writing and must be executed as follows:
“(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.
“(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.
******
“(6) No particular form of words is necessary to the validity of a will if it is executed according to the formalities required by law.”
It is readily apparent that the testatrix did not strictly adhere to the statutory requirements above stated, in her attempt to partially revoke her will. Our statute requires that the will be signed at the end, and accordingly any partial revocation must similarly be so signed. Assuming for the purpose of this discussion but specifically not deciding, that the initialling by the testatrix was sufficient to constitute a signature, the revocation was signed at three separate places, none of which constituted the end of the will.[3] Accordingly, the attempted partial revocation was ineffective and the will as originally written was entitled to probate.[4] The order appealed is affirmed.
Affirmed.

. In re Gross’ Estate, Fla.App.1962, 144 So.2d 861.

. Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018 (1940).

. For an interesting discussion of what constitutes the end of a will, see Atkinson, Wills § 64 (2d Ed. 1953); 2 Bowe-Barker: Page, Wills, § 19.57 (1960).

.Trotter v. Van Pelt, supra.