396 So.2d 235 (1981)
In re ESTATE OF Ingvar O. ROBERG, Deceased.
No. 80-1440.
District Court of Appeal of Florida, Second District.
March 25, 1981.
John P. Grier, Cocoa Beach, for appellant.
C. Eugene Jones of Ginsburg, Byrd, Jones & Pflaum, P.A., Sarasota, for appellee.
RYDER, Judge.
Maude G. Roberg appeals the admission of the will of Ingvar O. Roberg to ancillary administration in Florida, arguing that she should have been permitted to contest the will before admission. We agree and reverse.
Georgia C. Roberg, domiciliary personal representative for the estate of Ingvar Roberg in New York, filed a petition in the lower court for ancillary letters of administration to administer real property located in Florida, and served a copy of the petition on Maude G. Roberg as guardian of Brian Roberg, an incompetent. Maude Roberg answered the petition and opposed probate, alleging that execution of the will and codicil was tainted by fraud, duress, mistake and undue influence, and that she was contesting the will in New York. After the New York court considered and rejected revoking probate, the lower court entered an order denying appellant's motion to deny admission of the will to probate in Florida.
When a testator executes a will devising lands in two or more states, the courts in each state construe it as to the lands located therein as if devised by separate *236 wills. Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215 (1940); 80 Am.Jur.2d Wills § 1062 (1975). Thus, the admission of the instant will to probate in New York does not preclude challenge to validity of the will for purposes of disposition of Florida real property.
There is no provision in the ancillary administration statute which specifically indicates the procedure for such a contest. Section 734.102(4) provides "all proceedings for appointment and administration of the estate shall be as similar to those in original administrations as possible." In an original administration, a will contest must be resolved prior to admission of the will to probate if the personal representative petitioner has served the interested person with a copy of the petition. Section 733.2123, Florida Statutes (1979). Since appellant was served such a copy, and filed a responsive challenge, we hold that the issue below must likewise be decided before admission of the will to ancillary administration.
We REVERSE the order admitting the will for ancillary administration and REMAND for further proceedings consistent with this opinion.
GRIMES, Acting C.J., and OTT, J., concur.