397 So.2d 465 (1981)
In re the ESTATE OF Kaihi SWANSON, Deceased.
Melissa BAIRD and Elizabeth Baird, Appellants,
v.
Roger A. LARSON, As Personal Representative for the Estate of Kaihi Swanson, Deceased, Appellee.
No. 80-1687.
District Court of Appeal of Florida, Second District.
April 29, 1981.
James A. Baxter and Elise K. Winters of Baxter & Rinard, P.A., Clearwater, for appellants.
Leslie M. Conklin of Graham, Hodge & Larson, P.A., Belleair Bluffs, for appellee.
CAMPBELL, Judge.
This action is an appeal from the final order granting appellee's motion to abate appellant's petition challenging the validity of Kaihi Swanson's will. The appellants assert that section 732.502(2), Florida Statutes (1979), applies only to the procedural aspects of will execution and, thus, a will may be attacked on substantive grounds outside the state of execution. We agree and reverse the order of the lower court.
Kaihi Swanson, a Georgia domiciliary at the time of her death, executed a will in Georgia and purported to devise real property located in Florida. The will named Raymond Robinson as executor/beneficiary who filed a petition for ancillary administration in Florida. Appellants, the testator's stepdaughters and beneficiaries under a prior will, challenged the petition for ancillary administration by filing a petition for revocation of probate in Pinellas County alleging two substantive grounds: lack of requisite mental capacity and undue influence by Robinson in procuring the Georgia will. The personal representative of Ms. Swanson's ancillary estate responded with a *466 motion to abate the proceedings, contending that Georgia was the proper forum to determine the validity of the will. The lower court agreed and entered the final order of abatement, finding that section 732.502(2) was determinative of appellants' right to challenge the substantive validity of the will.
The question before this court is whether section 732.502(2), governing the validity of wills executed by nonresidents, applies to the substantive as well as procedural aspects of foreign wills. Section 732.502(2) is patterned after the Uniform Probate Code and provides:
Any will, other than a holographic or nuncupative will, executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state if valid under the laws of the state or country where the testator was at the time of execution... .
When a statute has its origins in a uniform law, it should receive a uniform interpretation in all adopting states if the beneficial purpose of uniformity is to be served. Valentine v. Hayes, 102 Fla. 157, 135 So. 538 (1931). Although it may appear that this type of statute should determine both the substantive and procedural aspects of the validity of wills, states adopting similar statutes have limited their applicability to procedural matters because they purport to deal with the "execution" of wills. See R. Leflar, American Conflicts of Law, 402 (3d Ed. 1977). If the statute does not apply to substantive attacks made on a foreign will, then the validity of the will is determined by the common law. Leflar, supra.
When real property is devised, common law dictates that the validity of the will is to be determined according to the law of the situs of the property. Clarke v. Clarke, 178 U.S. 186, 20 S.Ct. 873, 44 L.Ed. 1028 (1900); Restatement 2d, Conflicts of Laws, § 239. Furthermore, if the will devises land in more than one state, "the courts in each state will construe it as to the lands located therein as if devised by separate wills." Trotter v. Van Pelt, 144 Fla. 517, 522, 198 So. 215, 217 (1940).
In Trotter v. Van Pelt, supra, a Virginia domiciliary devised real estate located in Florida. On her death, the will was probated in Virginia but plaintiffs argued on appeal that Virginia decrees affecting the will were not binding on them as to Florida real estate. Rejecting the argument that the issue was res judicata, the Trotter court noted that this was not a collateral attack on the Virginia probate proceedings, and the sole issue was whether the testator died testate or intestate as to Florida real estate. Although it may be argued that Trotter, dealing only with procedural attestation requirements, has been abrogated by section 732.502(2), that argument may be countered by referring to Restatement 2d, Conflicts of Laws, section 239, which can be read to extend the Trotter rule to substantive attacks made against a will. See also Leflar, supra, at 402.
It is a well-settled rule of statutory construction that in determining the legislative intent, the statute under consideration must be viewed in pari materia. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977). In examining section 732.502, which is entitled "Execution of wills," matters of substantive validity of a will are never mentioned. The statute begins, "Every will must be in writing and executed as follows:" Each of the subsections deals with some procedural formality required for a valid execution. This statute does not purport to deal with substantive considerations such as mental capacity or undue influence.
Therefore, we conclude that although section 732.502(2) is not identical to the corresponding section of the Uniform Probate Code, it was intended to apply to only those procedures the uniform law governed namely the formal procedural elements of execution. Accordingly, we hold that appellants have the right to attack the Georgia will in a Florida court, on substantive grounds, based on their interest in the real property located in Florida.
Because we feel that legislature might find it desirable to revisit section 732.502(2), we feel it is appropriate here to examine *467 the differences in the Florida statute and the corresponding section of the Uniform Probate Code and the possible consequences of those differences. Professors Fenn and Koren, in their article, The 1974 Florida Probate Code  A Marriage of Convenience, 27 U.Fla.L.Rev. 1, 19 (1974), made a similar examination of the differences as they existed at that time and suggested a change in the Florida statute. As a result of their recommendation, the legislature in 1975 adopted their suggestion. We feel from our analysis that the suggested change unintentionally created further obstacles in validating wills of nonresidents of Florida who die owning real property in Florida or who become Florida residents after having executed their wills. Due to the attractiveness of life in Florida to both retirees and nonretirees, Florida's population is increasing at a rapid rate. It would seem desirable for the state to seek to validate the prior estate planning of those persons moving to Florida when it is possible to do so.
The Uniform Probate Code, section 2-506,[1] recognizes the validity of foreign wills if valid at the place of execution or the place of the testator's domicile at the time of execution or death. At the time Professors Fenn and Koren wrote their article examining the 1974 Florida Probate Code, section 732.502(2)[2] recognized the validity of a will executed by a nonresident only if it was valid as a will under the law of the place of the testator's domicile at the time of the execution. This left out those wills valid at the place of execution or valid at the place of the testator's domicile at the time of death. Recognizing this hiatus, Professors Fenn and Koren suggested the change that resulted in the present wording of section 732.502(2) which now validates a will in Florida made by a nonresident only if the will was valid under the law of the place where executed. We are concerned that the present law creates a further and perhaps more serious hiatus than did the previous law because we now invalidate in Florida those wills that were valid under the place of the testator's domicile either at the time of execution or at the time of death, but invalid under the law of the place of execution.
Initially, we might consider the execution of such a will to be an extraordinary occurrence but after further reflection we think not. Apparently Professors Fenn and Koren suggested a change in the law to its present state on the presumption that a testator seeking legal advice in making a will would probably be advised to execute it in accordance with the law of the place of execution, and that a testator acting without legal advice would execute a will according to the law of his domiciliary state regardless of the law of the place of execution because of familiarity with the law of the testator's place of residence. See Fenn and Koren, supra, at 18 n. 120, 19 n. 125. After considerable reflection, we must disagree with the presumption of Professors Fenn and Koren.
They did, however, recognize that the broader language of the Uniform Probate Code might be needed to validate a will that did not conform to the law of the place of execution or to the Florida law, but did conform to the law of the testator's domicile. We agree and commend the language of the Uniform Probate Code, section 2-506, to the Florida legislature as we feel it may well be that a testator executing a will, with or without legal advice, in a state other than the state of domicile would more often than not purposely execute the will so as to conform to the law of the domicile *468 rather than the law of the state of execution or other state.
We cannot ignore that in a fluid society such as we live in there are many people who reside in one state but often, because of proximity or preference, cross over state lines to do business or seek professional advice or treatment. We also cannot overlook the possibility that many people seeking legal advise or services may obtain that service free or at reduced cost from a relative or close friend who practices law in another state. We further cannot accept the premise that regardless of the reason for crossing over the domiciliary state line to make and execute a will, the testator would be advised to execute the will according to the law of the place of execution rather than the place of the testator's domicile when the law of the two places differ. We believe that most competent lawyers acting in the best interests of their clients would advise such a testator to execute the will where it was intended to be effective, normally the place of domicile. In that event the language of the Uniform Probate Code would seem to be desirable in Florida to validate such a will of a nonresident.
REVERSED and REMANDED for treatment consistent herewith.
SCHEB, C.J., and RYDER, J., concur.
NOTES
[1] Uniform Probate Code, section 2-506:

A written will is valid if executed in compliance with Section 2-502 or 2-503 or if its execution complies with the law at the time of execution of the place where the will is executed, or of the law of the place where at the time of execution or at the time of death the testator is domiciled, has a place or abode or is a national.
[2] Florida Statutes, section 732.502(2) (Supp. 1974):

Any will, other than a holographic or nuncupative will, executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state if valid under the laws of the state or country where the testator resided at the time of execution.